UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                      19-CR-06139 (MAV)

v.

DEBBIE RUMMINGS,                       **DECISION AND ORDER**

                  Defendant.

_____

On September 22, 2021, Debbie Rummings (the "defendant") was sentenced by the United States District Court of the Western District of New York to 66 months imprisonment on one count of Possession with Intent to Distribute 40 Grams of More of Fentanyl, in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 2, and two counts of Possession of a Firearm in Furtherance of Drug Trafficking Crime, in violation of Title 18 U.S.C. § 924(c)(1)(A)(i), followed by three years of supervised release for each count, to run concurrently. ECF No. 34. Ms. Rummings is expected to complete her term of supervised release on March 5, 2027.

This matter was transferred to the undersigned on March 3, 2026. ECF No. 44. The day before, on March 2, 2026, the defendant filed a motion for early termination of her supervised release. ECF No. 43. The motion is presently before the Court for decision. The government opposes, agreeing with the recommendation of the U.S. Probation Office ("Probation") to deny the defendant's motion for early termination due to her noncompliance with conditions of supervised release. On March 20, 2026, the Court directed that Probation's memorandum and the government's letter

opposition, adopting Probation's position, be filed on the docket, with no objections. *See* ECF Nos. 46, 47.

## LEGAL STANDARD

The Court's authority for early termination of a defendant's supervised release is provided by 18 U.S.C. § 3583(e)(1), which states:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

The relevant Section 3553(a) factors that the Court must consider include, *inter alia,* the nature and circumstances of the offense; the need for the sentence imposed to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. District courts are not required to make specific findings of fact with respect to each of these factors; rather, "the district court need only provide some indication of the rationale for its ruling in order to allow for meaningful appellate review." *United States v. Cottom,* No. 23-7527, 2024 WL 4509163, at *2 (2d Cir. Oct. 17, 2024) (summary order) (quotation and brackets omitted).

2

"Significantly, early termination of supervised release is not warranted as a matter of course," *United States v. Cohen*, 724 F. Supp. 3d 251, 256 (S.D.N.Y. 2024) (quotation omitted), and "is only 'occasionally' justified due to 'changed circumstances,' such as 'exceptionally good behavior by the defendant,' that 'render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a),'" *id.* (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). "[A]lthough exceptionally good behavior or extraordinary circumstances may justify early termination of supervised release, it is not necessarily a prerequisite to early termination." *United States v. Stacharczyk*, 719 F. Supp. 3d 243, 246 n.3 (W.D.N.Y. 2024); *see United States v. Melendez-Lebron*, No. 14-cr-201, 2024 WL 4297021, at *1 (W.D.N.Y. Sept. 26, 2024).

"The burden of proof for establishing entitlement to early termination of supervised release lies with the defendant." *United States v. Weiss*, No. 21-cr-00457, 2022 WL 3214914, at *2 (S.D.N.Y. Aug. 9, 2022) (quotation and brackets omitted).

## DISCUSSION

The defendant argues that her term of supervised release should be terminated because she has completed almost two years of supervised release without violation, has maintained employment at more than 33 hours a week, and continues to engage in outpatient mental health treatment, and because, in January 2026, her father experienced congestive heart failure, requiring her assistance as his sole provider to attend treatment. ECF No. 43 at 1–2.

Probation submitted a responsive memorandum to the Court, reporting that

3

in August 2025, the defendant: was associating with her former co-defendant who was also serving a term of supervised release and that the defendant was not honest about this contact when questioned; tested positive for cocaine, and; was verbally reprimanded for failing to report multiple police contacts to the Probation Office. ECF No. 46 at 1. Probation recommends denying the defendant's motion based on her noncompliance. *Id.* at 2. The government thereafter filed a brief letter, stating simply that it agrees with Probation's position and, thus, opposes the defendant's motion for early termination of her supervised release. ECF No. 47.

After due consideration of the defendant's request, in light of all of the relevant Section 3553(a) factors, the Court finds that early termination is not warranted at this time.

"[F]ull compliance with the terms of supervised release is what is expected of a person." *United States v. Berrios*, No. 95 Cr. 84, 2010 WL 1010022, at *2 (S.D.N.Y. Mar. 16, 2010) (quotation omitted); *see also United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. Mar. 25, 2015) ("Early termination is not [even] warranted where a defendant did nothing more than that which he was required to do by law."). Here, Probation reported that the defendant has not been compliant with the terms of her supervised release, including not being forthcoming with her probation officer. Compounding this concern, the defendant's instant motion does not acknowledge these circumstances and instead proffers that she "complied with probation," "pas[sed] all [her] . . . screenings," has not gotten "into any trouble," and "all of [her] police contact [was] reported ASAP." ECF No. 43 at 1–2. The Court is sympathetic to

4

the defendant's father's worsening health condition, however, the defendant did not allege that her father's new treatment would require travel outside of this judicial district, as limited by the terms of her supervised release, *see* ECF No. 34 at 4, #3, or establish how this development constitutes an exceptional circumstance warranting early termination, particularly given the defendant's noncompliance. *See United States v. Gentile*, No. 3:04-CR-287 AHN, 2007 WL 2009779, at *1 (D. Conn. July 5, 2007) (denying defendant's motion to reconsider denial of early termination of supervised release, where the defendant's full compliance with the conditions of his supervised release and his continued employment did not constitute "extraordinary conduct," and the "regretful development" of defendant's father's cancer surgery was not an exceptional circumstance worthy of lifting travel restrictions); *see also* ECF No. 42 (August 15, 2022 order, denying the defendant's request for compassionate release "to assist her elderly father who is 'not in the best of health.'").

Moreover, continuation of the defendant's supervised release is necessary to meet the objectives of sentencing, including specific deterrence of future criminality, public protection, and rehabilitation. *See* 18 U.S.C. § 3553(a); *Cottom*, 2024 WL 4509163, at *2; *see also* 18 U.S.C. § 3583(e)(1). Of note, the serious nature of Rummings' offenses—possession with intent to distribute 40 grams or more of fentanyl and possession of a firearm in furtherance of a drug trafficking crime— weighs against early termination. *See* 18 U.S.C. § 3553(a)(1). The need to afford adequate deterrence to criminal conduct, to protect the public from future criminal conduct by the defendant, and to promote the defendant's rehabilitation also weigh

against early termination, particularly given Probation's report that, while on supervised release, the defendant had contact with a former criminal associate, was not honest about this contact, tested positive for cocaine, and acknowledged none of these occurrences in her instant motion. The Court has considered the other relevant Section 3553(a) factors as well and concludes that granting the defendant's motion to terminate the remainder of her supervised release would not be in the interest of justice.

In sum, after consideration of the relevant factors set forth in Section 3553(a), the defendant's conduct, and the interests of justice, early termination of supervised release is not warranted. *See* 18 U.S.C. § 3583(e)(1).

## CONCLUSION

The defendant's motion for early termination of supervised release, ECF No. 43, is hereby DENIED without prejudice to renewing her request in the future.

The Court has mailed a copy of Probation's March 17 memorandum, ECF No. 46, and the government's letter opposition, ECF No. 47, to the defendant with a copy of this Decision and Order.

SO ORDERED.

DATED:     March ___, 2026
           Rochester, New York

                                        _____
                                        HON. MEREDITH A. VACCA
                                        United States District Judge

6